UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Rodgers Deese, #0314981, | ) C/A No. 0:08-153-HMH-BM |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Florence County Detention Center; and Florence County, | ) |
| Defendants. | ) |

The plaintiff, Donald Rodgers Deese ("Plaintiff"), brings this action *pro se* pursuant to 42 U.S.C. § 1983.[1] Plaintiff is imprisoned at the Florence County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the jail and the County of Florence. Plaintiff raises issues relating to unsanitary conditions at the jail and the "refusal to investigate my identity theft" by the County.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd*

---

[1] Title 42 U.S.C. § 1983 states in part,
 "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...".



*v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978); *Hughes v. Rowe*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Sciences*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief"; *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999); and to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the Florence County Detention Center, inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law and are not "persons" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under



2

42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the Florence County Detention Center should be dismissed as a defendant in this case.

As for the Defendant Florence County, the complaint simply states that "the County refused to investigate my identity theft." Such an allegation does not state the violation of a federal right, and does not therefore state a claim pursuant to § 1983. Insofar as the complaint could be construed as attempting to sue Florence County for any conditions at the Florence County Detention Center, it also fails to state a claim. A municipality may not be held liable under § 1983 solely because it employs a wrong-doer; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury to state a claim under § 1983. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997); *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978). Plaintiff fails to identify or even allege a policy or custom of Florence County which caused his federal rights to be violated, and therefore has failed to state a claim against this defendant under § 1983.

### Recommendation

As the complaint fails to state a claim against both of the named defendants, this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is recommended that the Court dismiss the complaint in this case without issuance and service of process, without prejudice. Plaintiff may file a new civil rights action based on these claims; however, if he does so,



he will be required to name proper defendants to maintain his case under § 1983.

        Plaintiff's attention is directed to the important notice on the next page.

        Bristow Marchant
        United States Magistrate Judge

February 28, 2008
Columbia South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

